FILED ___ ENTERED
LODGED ___ RECEIVED

DEC 28 2009

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| URIEL CASTANEDA, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Commissioner of Social Security, <br><br> Respondent. | Case No.: CR90-323BJR <br><br><br> ORDER DENYING MOTION |

## I. INTRODUCTION

Before the court is a motion to modify sentence pursuant to Title 18, United States Code § 3582(c)(2) filed by Petitioner Uriel Castaneda. Mr. Castaneda is a prisoner in the custody of the United States of America incarcerated at the Federal Correctional Institute in Petersburg, Virginia. Having reviewed the motion and the parties' briefing,[1] the court hereby finds and rules as follows.

---

[1] Including supplemental briefing submitted pursuant to the court's Minute Entry dated November 23, 2009.

ORDER - 1

## II. PROCEDURAL HISTORY

Mr. Castaneda was convicted of numerous drug-trafficking offenses in 1991 following a lengthy jury trial. On March 14, 1992, he was sentenced to 360 months imprisonment, plus five years on each of the seven consecutive gun counts, for a total sentence of approximately 65 years. His conviction was affirmed in two separate decisions. In 1997, Mr. Castaneda filed a 2255 motion alleging various grounds, including ineffective assistance of counsel, insufficiency of the evidence, and challenging his 924(c) convictions. On June 9, 1998, this court granted the 2255 motion to the extent that the 924(c) convictions were vacated, but denied the motion in all other respects. Mr. Castaneda filed a notice of appeal which was denied on August 19, 1998. On June 17, 1999, the Court of Appeals issued an order similarly denying a certificate of appealability. On April 4, 2001, this court entered an amended judgment in the criminal action, vacating the 924(c) counts, and imposing a total sentence of 360 months imprisonment.

Approximately three years later, in March 2004, Mr. Castaneda filed a motion seeking relief from the judgment, claiming it was void. The action was dismissed with prejudice and a certificate of appealability was denied on June 14, 2004. The Court of Appeals denied Mr. Castaneda's request for a certificate of appealability on August 31, 2004.

The instant motion was filed on October 14, 2009 and is now ripe for review.

## III. DECISION

Mr. Castaneda brings this motion pursuant to Title 18, United States Code, § 3582(c)(2), which permits a court "to reduce the term of imprisonment" of a defendant whose "term...[was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Mr. Castaneda's offense level was determined based on the total amount of controlled substances involved in his case. This court found that the amount of

drugs documented in the trial converted to approximately 12.3 kilograms of heroin, which applied by itself, would have received a base offense level of 36. However, Mr. Castaneda also was convicted of conspiracy to distribute an additional 30 kilograms of heroin and 150 kilograms of cocaine. Therefore, the guidelines set a base offense level of 38 because the corresponding drug table provides for a base level of 38 for offenses involving 30 to 100 kilograms of heroin or 150 to 500 kilograms of cocaine.

After Mr. Castaneda was sentenced, Amendment 484 to U.S.S.G. § 2D1.1 was adopted which provides that for sentencing purposes, a drug "[m]ixture or substance" under § 2D1.1 "does not include materials that must be separated from the controlled substance before the controlled substance can be used."[2] *See* Application Note 1 to § 2D1.1. Section 1B1.10(c) of the Guidelines made the Amendment retroactive, qualifying a defendant for §3582(c)(2) relief if it lowered his Guideline range.

Mr. Castaneda claims that the government failed to establish the "usability" of the entire 42.3 kilograms of heroin and 150 kilograms of cocaine. He asserts that if any portion of the heroin or cocaine contained an unusable substance, perhaps the total amount of the usable drug would drop to a level that would reduce his base offense level, thereby qualifying him for relief under §3582(c)(2). However, at no time—during his trial, habeas proceedings or even in the present motion—has Mr. Castaneda alleged that the drugs in his case contained an unusable substance that had to be removed before it could be consumed. Accordingly, the motion must be denied.

Moreover, a base offense level of 38 for Mr. Castaneda was appropriate based on the 150 kilograms of cocaine attributed to the conspiracy alone. The cocaine was not analyzed because it

---

[2] Examples of such materials include the fiberglass in a cocaine/fiberglass bound suitcase, beeswax in a cocaine/beeswax statue, and wastewater from an illicit laboratory used to manufacture a controlled substance. *See* Application Note 1 to § 2D1.1

ORDER - 3

was not seized; rather, this court found that 150 kilograms of cocaine were distributed by Mr. Castaneda and other members of the conspiracy based on testimony and evidence at trial.[3]

It appears that Mr. Castaneda is also challenging this court's finding that his co-defendant's drugs should have been attributed to him. Defendant raised this argument on appeal and the Ninth Circuit found that this court properly employed the foreseeability test when evaluating the quantity of drugs to be assigned to Mr. Castaneda. *United States v. Angulo-Lopez, Uriel Castaneda, et al.*, 8 F.3d 30 (9th Cir. 1993) (Unpublished opinion). The court will not revisit this issue again.

## IV. CONCLUSION

Based on the foregoing, Petitioner's Motion to Modify Sentence under § 3582(c)(2) is hereby DENIED.

Dated this 28th day of December, 2009.

Barbara Jacobs Rothstein
United States District Judge

---

[3] The court notes that under Mr. Castaneda's application of Amendment 484, every defendant convicted of conspiracy to distribute drugs, where the quantity of the drugs is based on circumstantial evidence, would be entitled to relief. Clearly, that is not the case.

ORDER - 4